first case today is number 24-1013 United States versus Jose Manuel Gonzalez. At this time, would the appellant please come to the podium, introduce herself on the record, and begin. Good morning, Your Honor. Mary Cortez on behalf of Mr. Jose Manuel Gonzalez. May it please the Court. Your Honor, may it be allowed to reserve three minutes for rebuttal? You may. In this case, the main issue, according to us, is the enhancement that was applied for the role in the offense that was assigned by the probation office in the PSR under Section 2D1.1B3C of the Guidelines, assigning an enhancement of two levels to the calculation of the Guidelines based on the part of captain. At the change of plea hearing, as we are aware of, the summary that was provided by the government of the facts that apply to this case, upon which Mr. Gonzalez pleaded guilty to, did not include that role of captain. We bring this to your attention because what Mr. Gonzalez was, really, was a fisherman. Yes, indeed, he was a fisherman. In the record, and I don't know if this is coming from the PSR or not, but I thought in the record there was a basis for saying that your client was approached about procuring a boat. Is that correct? That is correct, Your Honor. And that's unchallenged, that piece of evidence in the record? It appears in the PSR. And that was not objected to? It was not directly objected to. However, our position is that the way the defense attorney objected to the enhancement was by way of addressing the task that Mr. Gonzalez performed or did as part of the offense. But I'm just asking, as the case comes to us, it's not disputed that he was asked to procure the boat and said that he could procure it, correct? He did not procure the boat. He was asked to join the venture. I'm asking, was he asked to procure the boat? The record, I thought the PSR suggests he was asked to actually get the boat. No. No? No, no, Your Honor. Okay. With due respect, no. No, he was not asked that. He was asked to be part of this venture, this only voyage that left from Venezuela to, originally he thought that he was traveling or he was told that he was traveling from Venezuela to the Dominican Republic. And then they changed it, the people in charge of the venture, they changed it into, no, you guys are going to Puerto Rico. So, the way the defense attorney was addressing the objection, and brought the objection to the attention of the district. In his sentencing memorandum, is this right, Gonzalez says in the sentencing memorandum that the man who approached him about the boat asked him if he might have the ability or wherewithal to procure a boat for use in the forthcoming venture. Is that true? The information that I have is that he was asked to join the venture. That's not what I'm asking you. I'm asking whether he was asked if he had the ability to procure a boat. That's from the sentencing memorandum that I'm quoting. Well, that person, by procuring, the way I understand it is that he was asked to procure the boat in the sense of being there in the boat, and do things in the boat, like the other crew members, or two other co-defendants did. And what Gonzalez did was no different from what the co-defendants did, who were the other two that joined the venture, right from Venezuela, to travel to Puerto Rico. To be clear, Gonzalez did not find the boat. Gonzalez did not design the boat. He did not craft the boat. We're talking about, by the way, of a 25-foot homemade fiberglass boat, which on the record, the defense attorney even brought to the attention of the court whether it qualified as a vessel or not. And our contention is that it did not. That's why we keep challenging the assignment of this role in the offense to Mr. Gonzalez, Your Honor. He, for example, among the things that he did, and the other two crew members, was to travel, to drive this homemade fiberglass boat, which, by the way, also had two outboard motors that were incorrectly installed. Counsel, the standard of review, and correct me if I'm wrong, it's plenary, correct? The what? The standard of review. The standard of review should be for abuse of discretion, Your Honor. Clear error. Because it was, he objected below to the enhancement? Yes. Yes, he did. Yes, he did. And not only below, he did formally, he objected to the enhancement during the sentencing hearing, and right at the end. Okay, but where is the abuse of discretion? Because, again, you're telling us a possible factual version, I'm sure the government has an opposing version, but where is the abuse of discretion? The situation in this particular case, Your Honor, is that the court abused its discretion when it disregarded, discarded, did not fully consider the task that Mr. Gonzalez performed, so as the other co-defendants. But isn't that like a weight of the evidence decision? And if you want to answer that question. May I? Yes, answer. The situation is that the court relied only on the fact that the PSR indicated that Mr. Gonzalez had admitted to have been the captain of the boat when he was apprehended. It was only once. And we asked at all times the court to consider the circumstances, the things that he did, and the court did not consider the totality of the circumstances. He focused only on a single apparent admission, which, by the way, Mr. Gonzalez only reached the second grade of elementary school. Thank you. You have time reserved. Okay, yes. Thank you, counsel. At this time, would counsel for the government please come up to the podium and introduce herself on the record to begin. Good morning, your honors, and may it please the court, Maria Luhter for the government. The court should affirm the district court's application of the captain enhancement in this case because the district court did not clearly err in determining that Mr. Gonzalez acted as the captain. Now, I would want to take an opportunity to respond to Judge Barron's questions about the evidence in the record. The PSR shows on page 5 of the sealed appendix that Mr. Gonzalez was approached to be a captain of the vessel and offered $80,000 for it. And as part of the acceptance of responsibility, I believe it's also on pages 5 or 6, he stated that people had approached him and offered to use or rent a boat. So that's what the PSR shows. And here, the district court did not clearly err in determining that Mr. Gonzalez was the captain of the vessel. This is a fact-based determination, so the review here is for clear error. Here, the record shows that Mr. Gonzalez was a lifelong fisherman. He had been approached, as I noted, and offered $80,000 to be a captain. The PSR also notes that he was given a GPS with predetermined coordinates to navigate, and he admitted upon interdiction that he had been the captain of the vessel. So it was not a clear error for the district court to determine on the facts of this record that Mr. Gonzalez acted as the captain of the boat. With regard to my sister-counsel's argument about the vessel, there is no specific requirement of a finding of any type of vessel. That's what the clear language of the guidelines state, any vessel or craft. So there is no requirement for a specific type of vessel for the court to consider. Indeed, the Ninth Circuit in Cruz Mendez, which this court in Trinidad cited in support, noted that there is no such requirement and that the guidelines are not interpreted or read that narrowly. You're not taking the position, or are you taking the position, that the admission or the statement by the defendant that he was the captain, or the indication that he made that the PSR reflects that he was the captain, is enough, or are you saying that alone is enough? That alone may be enough, considering the circumstances of the case. This is certainly a support for that finding. This is what this court in Garbajal Valdez considered. This court in Garbajal Valdez stated that it certainly lent some support that Mr. Gonzalez was the captain by stating that. The district court, in its conclusion as to why it was applying the enhancement, did the district court refer to anything beyond the fact of his indication that he was the captain? The discussion on the record was that Mr. Gonzalez was the captain, and then the government further pointed out that Mr. Gonzalez was the captain. He had admitted to being the captain, and he had been approached to be the captain of the boat and offered $80,000 for it. There was also a discussion about that Mr. Gonzalez had to have some skills to steer the boat because of the two engines that were installed improperly. Instead of going straight up, it was pulling on one side, so it required constant course corrections, which the court denoted that Mr. Gonzalez had enough skills to do so because of his lifelong career as a fisherman. So if the court has no other questions, I'll rest on our brief, and I'll ask that this court confirm. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record? She has a three-minute rebuttal. Counsel, Mary Cortez, on behalf of Mr. Jose Manuel Gonzalez. Your Honor, it didn't require any kind of special skill from Mr. Gonzalez or anyone else to deal with a deficient and rustic boat. It was a homemade fiberglass boat. Not only that, he was not the only person behind the steer. He was not the only person driving the boat. But that would mean that there's more than one captain. You can have more than one captain. The fact that he was offered $80,000, which he did not receive. He got no payment for that. I don't know what the other two. He didn't receive payment because he got arrested. For the what? He got arrested, so he wasn't going to receive any payment. Well, that could be the case, but the fact... His intention was to receive $80,000. But we don't know how much money were the other two crew members offered. It was nothing sophisticated about the boat. There was nothing sophisticated about my client's skills or the other crew members' skills to drive the boat. Your basic position is you cannot have been a captain of this boat, right? There's no legally possible way that this boat had a captain within the meaning of the enhancement. That's your position. That is our position, Your Honor. I guess the difficulty is given our precedent of similar boats with similar actions, your position would seem to be inconsistent with those. That's different than saying this particular person maybe doesn't fit. But the idea that a boat like this can't have a captain because it's just not a sophisticated enough boat, our precedent doesn't allow us to come to that conclusion. Your Honor, the specific facts of this case, the skills that Mr. Gonzalez had and did not have, compared to the other crew members who were driving the same boat, tell us that the boat itself, the construction of the boat, the problems that it had by the installation of two outboard motors which were incorrectly fixed, and not only that, they couldn't reach a speed rate higher than 15 knots. It took them three days to arrive. So to suggest, as the government did, that it takes some sort of special skill, is not warranted on this record, Your Honor. So our position is that the objection that was raised below, challenging that enhancement was based on the totality of the problems which were not addressed by the court. Thank you very much. Have a good day. I ask permission to withdraw. Thank you. Thank you, counsel. That concludes argument in this case.